# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VALADEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Defendant. | Case No. 1:17-cv-00551-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR INJUNCTIVE RELIEF<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Daniel Valadez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on April 19, 2017. (ECF No. 1.) The complaint concerns the denial of overnight family visits.

　　　　On April 19, 2017, Plaintiff also filed a motion for injunctive relief, requesting that the Court issue an order to the California Department of Corrections and Rehabilitation to immediately allow Plaintiff family visits overnight. (ECF No. 3.)

　　　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

///

1

Here, Plaintiff's motion does not establish that he is likely to succeed on the merits, that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. Rather, the motion merely states that "Title 15 Section 3177(1)(A)(B) violates the United States Constitution's Deliberate Indifference, Cruel and Unusual Punishment, Unequal Treatment Among Prisoners, and the Equal Protection Clause." (ECF No. 3, p. 1.)

Additionally, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); SEC v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007). In this case, the Court has not screened Plaintiff's complaint to determine whether it states a cognizable claim, no defendant has been ordered served, and no defendant has yet made an appearance. At this juncture, the Court lacks personal jurisdiction over the defendant and it cannot issue an order requiring it to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138−39.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and a preliminary injunction (ECF No. 3) be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 12, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE