# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VALADEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00551-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Daniel Valadez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on April 19, 2017. (ECF No. 1.) Currently before the Court for screening is Plaintiff's complaint filed on April 19, 2017. (ECF No. 1.)

**I.　　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Complaint**

Plaintiff is currently housed at the California Correctional Institution (CCI) in Tehachapi, California, where the events at issue occurred.  Plaintiff names as the sole defendant the California Department of Corrections and Rehabilitation (CDCR).

Plaintiff alleges that he was arrested on May 13, 2003 for battery on a spouse/ex-spouse and that charge was dismissed on September 3, 2003.  In Plaintiff's personal history, it shows the charge was dismissed.  The CDCR knew that the battery had been dismissed and that Plaintiff had not committed it.  Defendant is denying Plaintiff family visiting for overnight visits like other inmates due to the allegation of battery in his  file.  The allegation of battery should not be in Plaintiff's confidential file folder.  Title 15 does not allow family visits for inmates convicted of any sex offense and visitation maybe prohibited where substantial documented evidence or

information of misconduct exists, even without a criminal conviction.  Plaintiff alleges that Title 15 cannot apply because his criminal case had been thrown out.  Plaintiff alleges violations of Due Process, Equal Protection, and Cruel and Unusual Punishment.  Plaintiff alleges he has been damaged with emotional distress, anxiety and mental anguish.  Plaintiff seeks $1 million in compensatory damages and punitive damages of $2 million and injunctive relief.

**III.    Discussion**

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is short but fails to state a claim.  Plaintiff must allege what each person did that he believes violated his right. As explained more fully below, the CDCR is not a proper party.  Plaintiff will be granted leave to amend his complaint. If Plaintiff elects to amend, he must state in clear and plain language the basis of his claim, including the facts (such as names, dates, and events) concerning what a defendant or defendants did or did not do that violated his constitutional rights.

**B.  Contact Visits with Family**

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

3

| | |
|---|---|
| 1 | Under certain circumstances, labeling a prisoner with a particular classification may |
| 2 | implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d |
| 3 | 818, 830 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex |
| 4 | offender' label coupled with the subjection of the targeted inmate to a mandatory treatment |
| 5 | program whose successful completion is a precondition for parole eligibility create the kind of |
| 6 | deprivations of liberty that require procedural protections."). |
| 7 | It is unclear whether Plaintiff claims he was wrongly classified. Regardless, he does not |
| 8 | allege that any defendant was involved in the classification. He only alleges that the dismissed |
| 9 | battery charge should not have been considered in determining visitation rights. |
| 10 | Plaintiff's main allegation is that he cannot have contact visits with his family. An inmate |
| 11 | has no federal constitutional right to contact visitation. Kentucky Dep't of Corr. v. Thompson, 490 |
| 12 | U.S. 454, 461 (1989) ("The denial of prison access to a particular visitor 'is well within the terms |
| 13 | of confinement ordinarily contemplated by a prison sentence,' ... and therefore is not |
| 14 | independently protected by the Due Process Clause."); Block v. Rutherford, 468 U.S. 576, 589 |
| 15 | (1984); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("it is well-settled that |
| 16 | prisoners have no constitutional right while incarcerated to contact visits or conjugal visits.") |
| 17 | (quoted in Shallowhorn v. Molina, 572 Fed.Appx. 545, 547 (2014)). "[I]t is well-settled that |
| 18 | prisoners have no constitutional right while incarcerated to contact visits." Dunn v. Castro, 621 |
| 19 | F.3d 1196, 1202 (9th Cir. 2010). Accordingly, this claim is not a cognizable basis for relief. |
| 20 | Although it is well established that the First Amendment protects parent-child association, |
| 21 | Board of Dir. v. Rotary Club, 481 U.S. 537, 545, 107 S.Ct. 1940, 95 L.Ed.2d 474 (1987), and a |
| 22 | parent generally has a "fundamental liberty interest" in "the companionship and society of his or |
| 23 | her child," Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), it |
| 24 | nonetheless remains true that those rights can be significantly curtailed during incarceration. See |
| 25 | Overton v. Bazzetta, 539 U.S. 126, 131, 133, 123 S.Ct. 2162 (2003); see Turner v. Safeley, 482 |
| 26 | U.S. 78, 89-91, 107 S.Ct. 2254 (1987) (we held that four factors are relevant in deciding whether |
| 27 | a prison regulation affecting a constitutional right that survives incarceration withstands |
| 28 | constitutional challenge: whether the regulation has a " 'valid, rational connection' " to a |

legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are "ready alternatives" to the regulation.)

Plaintiff has failed to state a cognizable claim as to his classification. Plaintiff has also failed to state a cognizable claim as to contact visits with his family. Leave to amend will be granted.

### C. Institutional Defendant

Plaintiff names CDCR as the sole defendant in this action. However, CDCR is not a proper party for relief in this matter.

The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies (such as the California Department of Corrections and Rehabilitation) and individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009). "However, under Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, (1997) (citing Ex Parte Young, 209 U.S. at 123).

In any amended complaint that he may file, plaintiff should carefully consider whom he may properly name as a defendant in this action.

### D. Equal Protection

Plaintiff alleges that Defendant's actions amounted to discrimination because other inmates are able to enjoy contact visits with their families.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439(1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Thornton v. City of St. Helens, 425 F.3d 1158, 1166–67 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601–02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008), see also Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); Sea River Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) plaintiff is a member of an identifiable class; (2) plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. To establish a violation of the Equal Protection Clause, the prisoner must also present evidence of discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239–240 (1976); Serrano, 345 F.3d at 1081–82; Freeman v. Arpio, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff's Equal Protection claim is not cognizable. Plaintiff fails to state any allegations to: (1) show his membership in a protected class; (2) demonstrate that he was intentionally treated

differently from others similarly situated; or (3) establish any discriminatory intent on the part of any of the named Defendants.

### E. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

Plaintiff fails to state a claim for violation of the Eighth Amendment. The denial of contact visitation does not amount to the infliction of pain for Eighth Amendment purposes. In Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986), abrogated in part on other grounds by Sandin, 515 U.S. 472, the Ninth Circuit rejected a claim that a prison's denial of family visitation privileges to inmates in administrative segregation constituted cruel and unusual punishment. "To the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society." Id. Accord Johnson v. Arnolds, 2016 WL 8730768, *4 (E.D. Cal. Sept. 30, 2016).

### IV. Conclusion and Order

The Court finds that the complaint fails to state any cognizable claim upon which relief may be granted. The Court will grant Plaintiff an opportunity to cure the deficiencies identified above which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ."

Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, unless the Court orders otherwise, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint filed on April 19, 2017 (ECF No. 1) is dismissed for the failure to state a claim upon which relief may be granted with leave to amend;

2. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim and failure to obey a court order.**

IT IS SO ORDERED.

Dated: **October 6, 2017**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE