# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VALADEZ, | Case No. 1:17-cv-00551-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | (ECF No. 17) |
| | **FOURTEEN (14) DAY DEADLINE** |
| Defendant. | |

Plaintiff Daniel Valadez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.

On April 19, 2017, Plaintiff filed a motion for injunctive relief, requesting that the Court issue an order to the California Department of Corrections and Rehabilitation to immediately allow Plaintiff family visits overnight. (ECF No. 3.) The Court denied the motion, finding that Plaintiff had not met the requirements for injunctive relief, and that the Court lacked jurisdiction over the defendant. (ECF Nos. 12, 13.)

On October 6, 2017, the Court dismissed the complaint for failure to state a cognizable claim and granted leave to amend within thirty days. (ECF No. 14.) Plaintiff filed a first amended complaint and a renewed motion for injunctive relief on October 23, 2017. (ECF Nos. 17, 18.) Plaintiff seeks an order "taking away the defendant's capabilities of denying plaintiff

1

family visiting when or if plaintiff chooses to pursue family visiting like the other inmates can get, due to the law of the defendant violates plaintiff's civil rights as it stands currently." (ECF No. 17.)

As Plaintiff has been informed, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).

Plaintiff's motion again fails to establish that he is likely to succeed on the merits, that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. Indeed, on the basis of the motion, the Court cannot find that Plaintiff will suffer any, much less irreparable, harm if the relief is not granted, as Plaintiff states that the injunction would apply "when or if" he pursues family visitation. (ECF No. 17.)

Moreover, the Court has not screened Plaintiff's first amended complaint to determine whether it states a cognizable claim, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court remains without personal jurisdiction over the defendant, and cannot issue an order requiring it to take any action. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); SEC v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 17) be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 6, 2017**                    /s/ *Barbara A. McAuliffe*           
                                                            UNITED STATES MAGISTRATE JUDGE