# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VALADEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendant. | Case No. 1:17-cv-00551-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN (14) DAY DEADLINE<br><br>(ECF No. 18) |

Plaintiff Daniel Valadez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on April 19, 2017. (ECF No. 1.) Currently before the Court for screening is Plaintiff's first amended complaint filed on October 23, 2017. (ECF No. 18.)

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Complaint**

Plaintiff is currently housed at the California Correctional Institution (CCI) in Tehachapi, California, where the events at issue occurred. Plaintiff names as the sole defendant the California Department of Corrections and Rehabilitation (CDCR).

Plaintiff alleges that he was arrested on May 13, 2003 for battery on a spouse/ex-spouse and that charge was dismissed on September 3, 2003. The CDCR has it in Plaintiff's confidential file with the legal right to refuse Plaintiff conjugal or overnight visits with a wife. Plaintiff asks that this language be stricken from this file so that "if and when he gets a wife," he can be visited. Plaintiff alleges defendant has no right to control Plaintiff in this way.

Plaintiff seeks an order taking away defendant's ability to deprive Plaintiff of his rights for visitation "when plaintiff chooses to pursue family visiting." Plaintiff also asks for $1 million

in compensatory damages and punitive damages of $2,000,000 and injunctive relief

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is short but fails to state a claim. Plaintiff must allege what <u>an individual</u> did that he believes violated his right. As explained in a previous screening order, and explained more fully below, the CDCR is not a proper party.

#### B. Standing to Assert a Claim

Plaintiff is required to establish standing for each claim he asserts. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject matter jurisdiction. See Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. See Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).

Plaintiff's amended complaint clarifies that Plaintiff does not have any injury in fact or an imminent injury. While Plaintiff appears to seek to allege a Due Process violation for denial of

family visits, the first amended complaint clarifies that Plaintiff has not been denied any such privilege. He alleges that he *might* be denied visitation "if and when he gets a wife." This allegation is purely speculative that Plaintiff will be injured by lack of visitation. Plaintiff does not now have a wife. Plaintiff does not allege he was denied visitation. It is unknown when Plaintiff will get a wife and unknown when such an injury may arise because Plaintiff does not now or imminently have a wife who will seek visitation.

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010).

Thus, at this time, Plaintiff's allegations of injury are conjectural or hypothetical. Plaintiff's allegations are insufficient to demonstrate an actual injury, and, at this stage, given his inability to allege a legally cognizable claim, it appears unlikely that he would be able to successfully amend the complaint to cure this defect

### C. Contact Visits with Family

Plaintiff's main allegation is that he cannot have contact visits with his family. An inmate has no federal constitutional right to contact visitation. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 461 (1989) ("The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' ... and therefore is not independently protected by the Due Process Clause."); Block v. Rutherford, 468 U.S. 576, 589 (1984); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("it is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits.") (quoted in Shallowhorn v. Molina, 572 Fed.Appx. 545, 547 (2014)). "[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits." Dunn v. Castro, 621 F.3d 1196, 1202 (9th Cir. 2010). Accordingly, this claim is not a cognizable basis for relief.

Although it is well established that the First Amendment protects parent-child association, Board of Dir. v. Rotary Club, 481 U.S. 537, 545, 107 S.Ct. 1940, 95 L.Ed.2d 474 (1987), and a parent generally has a "fundamental liberty interest" in "the companionship and society of his or her child," Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), it

nonetheless remains true that those rights can be significantly curtailed during incarceration. See Overton v. Bazzetta, 539 U.S. 126, 131, 133, 123 S.Ct. 2162 (2003); see Turner v. Safeley, 482 U.S. 78, 89-91, 107 S.Ct. 2254 (1987) (we held that four factors are relevant in deciding whether a prison regulation affecting a constitutional right that survives incarceration withstands constitutional challenge: whether the regulation has a " 'valid, rational connection' " to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are "ready alternatives" to the regulation.)

Plaintiff has failed to state a cognizable claim as to contact visits "if and when he gets a wife."

### D. Institutional Defendant

Plaintiff names CDCR as the sole defendant in this action. However, CDCR is not a proper party for relief in this matter.

The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies (such as the California Department of Corrections and Rehabilitation) and individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009). "However, under Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521

U.S. 261, (1997) (citing Ex Parte Young, 209 U.S. at 123).

Plaintiff was informed that the CDCR is not a proper defendant in a §1983 case for monetary damages, but continues to name CDCR as the sole defendant. It appears that Plaintiff is unable to cure this deficiency by amendment, and therefore leave to amend is not appropriate.

### E. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

Plaintiff fails to state a claim for violation of the Eighth Amendment. The denial of future contact visitation does not amount to the infliction of pain for Eighth Amendment purposes. In Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986), abrogated in part on other grounds by Sandin, 515 U.S. 472, the Ninth Circuit rejected a claim that a prison's denial of family visitation privileges to inmates in administrative segregation constituted cruel and unusual punishment. "To the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society." Id. Accord Johnson v. Arnolds, 2016 WL 8730768, *4 (E.D. Cal. Sept. 30, 2016).

### F. No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato,

70 F.3d at 1005-06.

The undersigned finds that, as set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted. Moreover, given the nature of Plaintiff's claims, Plaintiff cannot amend the complaint to state a claim for which relief can be granted and leave to amend would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

### IV.   Findings and Recommendations

Plaintiff's first amended complaint fails to state a claim, and the Court finds that granting further leave to amend would be futile.

Based on the foregoing, IT IS HEREBY RECOMMENDED THAT this case be DISMISSED for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 7, 2017**                    /s/ Barbara A. McAuliffe
                                                 UNITED STATES MAGISTRATE JUDGE